UNITED STATES DISTRICT COURT    **JS-6 / Remand**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-984 DMG (SPx)** | Date | July 11, 2016 |
|---|---|---|---|

| Title | *Jane Roe v. John Francis McGuire, M.D., et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [22]**

Plaintiff Jane Roe originally filed this action in Riverside County Superior Court against Defendants John Francis Mcguire, M.D., United Healthcare Services, Inc. ("UHS"), North County ENT Medical Group, and Tri-Valley Internal Medicine Group on September 30, 2015. ("Compl.") [Doc. # 1-1.] Defendant UHS removed the case to this Court on May 13, 2016, on the basis of federal question jurisdiction. ("Removal Notice") [Doc. # 1.] On June 13, 2016, Roe filed a motion to remand. [Doc. # 22.] On June 24, 2016, UHS filed an opposition. [Doc. # 24.]

For the reasons stated below, the Court **GRANTS** Roe's motion to remand.

**I.**
**LEGAL STANDARD**

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. A federal district court has original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is *any doubt* as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted) (emphasis added).

UNITED STATES DISTRICT COURT     **JS-6 / Remand**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-984 DMG (SPx)** | | Date | July 11, 2016 |
|---|---|---|---|---|

| Title | *Jane Roe v. John Francis McGuire, M.D., et al.* | Page | 2 of 3 |
|---|---|---|---|

**II.**
**DISCUSSION**

**A.  Timeliness**

The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b)(1).  Failure to remove an action within 30 days waives a party's right to remove.  *Cantrell v. Great Republic, Inc.*, 873 F.2d 1249, 1256 (9th Cir. 1989).  Generally, a federal claim must appear on the face of a well-pleaded complaint for federal question jurisdiction.  *Lyons v. Alaska Teamsters Employer Serv. Corp.*, 188 F.3d 1170, 1171 (9th Cir. 1999).  If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days of receipt by the defendant of a copy of "'an amended pleading, motion, order, or other paper' from which it may be ascertained that the case is removable."  *Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(3)).

Here, the parties disagree over whether the 30-day clock started on March 29, 2016 or April 15, 2016.  At issue is what information UHS needed from Roe—a pseudonym offered given the nature of the lawsuit—regarding her identity in order to ascertain whether her claims were completely preempted by federal law or could have been brought in federal court pursuant to the federal officer statute, 28 U.S.C. § 1442(a).  Roe argues that because her counsel provided UHS with her real name on March 29, 2016, UHS's attempt at removal 45 days later on May 13, 2016 is untimely.  *See* Declaration of Jason M. Caruso, Ex. 3 (email from Roe's counsel to UHS revealing Roe's legal name).  By March 29, 2016, Roe contends UHS possessed written information from which it could ascertain the case's removability.

UHS disagrees and argues that while it did receive her name on March 29, her "true identity" was not known to UHS until April 15, 2016, when Plaintiff's counsel provided information—her date of birth and last four digits of her social security number—which enabled UHS to "positively identify" her.  Opp. at 4; Declaration of Jane E. Stalinski ("Stalinski Decl.") ¶ 11.  This information allowed UHS to search its computer systems to determine her membership in two different health benefit plans, one ERISA plan and another Federal Employee Benefits HMO ("FEHBA Plan").  Stalinski Decl. ¶¶ 14-16.  UHS then based its removal in part on preemption under ERISA and FEHBA.

UNITED STATES DISTRICT COURT        **JS-6 / Remand**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-984 DMG (SPx)** | Date | July 11, 2016 |
|---|---|---|---|

| Title | ***Jane Roe v. John Francis McGuire, M.D., et al.*** | Page | 3 of 3 |
|---|---|---|---|

According to UHS, "[a]ttempting to identify a member with only a name *may*:  (i) fail to identify anyone; (2) identify an individual who cannot be confirmed to be the correct Member; or (3) identify a number of members, none of whom can be confirmed to be the correct member without additional unique identifying information."  *Id.* ¶ 7 (emphasis added).  To "positively identify" a member, UHS states that it needs information like the date of birth and "ideally," the member number and date of services.  *Id.* ¶ 10.

While UHS presents a declaration of the Legal Services Specialist at UHS who attests broadly to the general theoretical difficulties with identifying members with only a name—and the potential futile results—UHS presents no evidence concerning whether it did in fact attempt to search for Roe's membership using only her name.  UHS asserts it could not "positively identify" Roe's membership until it received her social security and birth date information, but says nothing about whether it even tried to identify her with the information received on March 29, 2016 and the results it produced.

Given the strong presumption against removal jurisdiction and UHS's failure to provide convincing evidence that it did not have enough information on March 29, 2016 to identify Roe's health plan memberships and ascertain removability, the Court **GRANTS** Roe's remand motion on the basis of untimely removal.

**III.**
**CONCLUSION**

In light of the foregoing, Roe's motion to remand is **GRANTED**.  Defendant John Francis McGuire, M.D.'s motion to dismiss [Doc. # 16] and Defendant North County ENT Medical Groups's motion to dismiss [Doc. # 19] are **DENIED** as moot.  All scheduled dates and deadlines are **VACATED**.

**IT IS SO ORDERED.**